**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| SAUL REED, | ) |
| | ) |
|     Plaintiff, | )    Civil Action No.: 2:16-cv-12666 |
| | ) |
| v. | )    Judge: |
| | ) |
| RECEIVABLE RECOVERY SERVICES, LLC, | )    Magistrate Judge: |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SAUL REED ("Plaintiff"), through Plaintiff's attorney, VARADI, HAIR & CHECKI, LLC, alleges the following against Defendant, RECEIVABLE RECOVERY SERVICES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. § 51:1401 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in New Orleans, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Metairie, Louisiana.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household purposes.

19. In or around February, 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone in an attempt to collect the alleged debt.

20. During these calls, Plaintiff told Defendant he was unable to pay the alleged debt.

21. Defendant responded by threatening that the debt will be paid one way or another.

22. Defendant stated Plaintiff got a deal on the alleged debt and that the original creditor cut Plaintiff a break on the alleged debt.

23. Upon information and belief, the original creditor for the alleged debt provided no deal, discount, or break for the alleged debt.

24. Defendant made threats regarding Plaintiff's credit report.

25. Plaintiff made clear he could not pay the debt and wanted to stop receiving calls.

26. Defendant noted Plaintiff's account that he refused to pay yet Defendant continued to call Plaintiff.

27. These calls were place with the purpose of harassing Plaintiff.

28. Defendant made false and deceptive statements regarding the nature of the underlying debt.

29. Defendant's collectors behaved in a rude and harassing manner when talking to Plaintiff.

30. Defendant's calls to Plaintiff were intended to harass him.

31. Defendant failed to send Plaintiff written notice of his validation rights under 15 U.S.C. § 1692g.

32. Defendant threatened actions it could not legally take and did not intend to take.

33. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

34. Defendant's collectors are familiar with the FDCPA.

35. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

36. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

37. The preceding paragraphs are incorporated as if fully stated herein.

38. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

39. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

40. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

41. Defendant is liable under 15 U.S.C. § 1692g for failing to send Plaintiff a written notice containing the language required by section 1692g.

## VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

42. The preceding paragraphs are incorporated as if fully stated herein.

43. Defendant's actions stated herein were unfair and deceptive as defined by La. R.S. § 51:1405.

## JURY TRIAL

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k and La. R.S. § 51:1409.

4. Trebled damages suffered by Plaintiff for Defendant's knowing use of deceptive acts or practices pursuant to La. R.S. § 51:1409.

5. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k and La. R.S. § 51:1409.

6. Any other relief that this Court deems appropriate.

DATED: July 12, 2016         RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq. #36081
Varadi, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff